UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

In re                                  )
                                       )
Tameshia N. Henry                      )
                                       )    Case No.      25-483
        Debtor.                        )    Chapter 13
                                       )
_____)

## DEBTOR'S OBJECTION TO CLAIM 4 FILED BY DEPARTMENT OF MOTOR VEHICLES, AND NOTICE OF OBJECTION AND OPPORTUNITY TO RESPOND TO OBJECTION TO CLAIM AND REQUEST HEARING

Tameshia N. Henry, Debtor, has filed an objection to your claim in this bankruptcy case.

Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to modify or eliminate your claim, or if you want the Court to consider your views on the objection, then:

>   On or before December 4, 2025, you or your attorney must file with the Court a written opposition to the objection to your claim under Local Bankruptcy Rule 3007-1. The opposition and proposed order must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits, documents, and other evidence you wish to attach in support of your claim.
>
>   If you mail your opposition to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.
>
>   You must also mail a copy of your opposition to:
>
>       Daniel M. Press, Esq.
>       CHUNG & PRESS, P.C.
>       6718 Whittier Avenue, Suite 200
>       McLean, Virginia 22101

```
If you or your attorney do not take these steps, the Court may
decide that you do not oppose the relief sought in the objection
and may enter an order sustaining the objection. The Court may
sustain the objection without a hearing if the opposition filed
states inadequate grounds for overruling the objection. If you
file a timely request for a hearing, Debtor will obtain a
hearing date from the Clerk and give notice to you of the
hearing date.
```

NOW COMES the Debtor, through counsel, and objects as follows to the Proof of Claim filed by the Department of Motor Vehicles ("DMV") (Claim #4).

1. Jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 or arising in a case under Title 11.  As a matter concerning the allowance or disallowance of claim, this constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(B).

THE CLAIM IS NOT ENTITLED TO PRIORTY

2. DMV filed a claim in the amount of $20,838.   No basis for the claim (Line #8) is stated, but Debtor understands that the claim is primarily for civil penalties.  There is nothing attached to the proof of claim.

3. Line 12 checks the box "Taxes or Penalties owed to owed to governmental units – 11 U.S.C. § 507(a)(8)" as the basis for a claim of priority, but no priority amount is stated.  However, on the docket, it shows the whole claim as priority.

4. Section 507(a)(8) provides in relevant part:

**(8)** Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
**(A)** a *tax on or measured by income or gross receipts* …
**(B)** a *property tax* …
**(C)** *a tax required to be collected or withheld* …
**(D)** an *employment tax* …
**(E)** an *excise tax* …
**(F)** a *customs duty* … ; or

**(G)** *a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.*

    5.    The DMV does not impose taxes (or customs duties).  It is understood that the claim may be for parking tickets, speed camera violations and the like.   These are not taxes, or tax penalties.  The only *penalties* for which § 507(a)(8) grants priority status are tax penalties related to actual pecuniary loss.   Since DMV does not impose taxes, it follows that it cannot impose tax penalties.   As such, the claim is not entitled to priority status.

<u>THE CLAIM SHOULD BE DISALLOWED</u>

    6.    The proof of claim says nothing about what the debt is for, nor does it attach any evidence of the debt.

    7.    The Proof of Claim does not satisfy Rule 3001(c)(1) in that no writing on which the claim is based is attached.  Even if subsection (1) does not apply, subsection (2) requires that "If the debtor is an individual, the creditor must file with the proof of claim: (A) an itemized statement of the principal amount and any interest, fees, expenses, or other charges incurred before the petition was filed."  No such statement was included.  As a result, this claim is subject to the provisions of Rule 3001(c)(3), which provides:

If the debtor is an individual and a claim holder fails to provide any information required by (1) or (2), the court may, after notice and a hearing, take one or both of these actions:

(A) preclude the holder from presenting the information in any form as evidence in any contested matter or adversary proceeding in the case—unless the court determines that the failure is substantially justified or is harmless; and

(B) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

    8.    A proof of claim lacking documentation, even prior to the amendments to Rule 3001, has been held not to be entitled to any presumption of validity under Rule 3001(f).  *In re*

*Josephine McCarthy*, No. 04-10493-SSM (Bankr. E.D. Va., July 14, 2004); *In re Henry*, 331 B.R. 813 (Bankr. W.D. Wash. 2004)

9.      The effect of Rule 3001(c)(3) (formerly 3001(c)(2)(D)), precluding the holder from presenting the omitted information, must be to disallow the claim.  While prior to 2011 amendment of the Rule, the failure to attach writings to a proof of claim alone did not compel disallowance of the claim, but an unsubstantiated claim was considered facially defective and not entitled to the presumption of validity. *See McCarthy*, *supra*.  See also *In re Consolidated Pioneer Mortgage*, 178 B.R. 222 (B.A.P. 9th Cir. 1995); *In re Chain,* 255 B.R. 278 (Bankr. D. Conn. 2000); *eCast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 318 (S.D. Tex. 2007); *In re Lindelt Drop Forge Co.*, 111 B.R. 137 (Bankr. W.D. Mich. 1990).  Without this presumption, a facially defective claim provides evidence to "dispute its own validity" and should be disallowed upon a general objection. *King*, *supra*. When claims are submitted without documentation and without itemization, the purpose of Rule 3001 is subverted as the parties charged with policing the claims process are denied necessary information. *In re Trail Ends Lodge Inc.*, 51 B.R. 209 (D. Vt. 1985). In addition, affording prima facie validity to such claims can only "lead to abuses of the claim system." *Circle J. Dairy*, 112 B.R. at 301. Strict compliance with Rule 3001 is necessary to ensure that an appropriate "sifting process" occurs in the evaluation of claims, otherwise "unmeritorious or excessive claims might dilute the participation of the legitimate claimants." *Gardner v. State of N.J.*, 329 U.S. 565 (1947).  Prior to the amendment of the Rules, the creditor could still come forward and prove its claim with competent, admissible evidence, just without the presumption.  But in light of the amended Rule, that evidence is now inadmissible.  Accordingly, the claim is unenforceable under 11 U.S.C. § 502(b)(1), and Debtor's objection must be sustained.

Dated: November 4, 2025.

                                              Respectfully submitted,

                                              _/s/Daniel M. Press_
                                              Daniel M. Press, #419739
                                              CHUNG & PRESS, P.C.
                                              6718 Whittier Avenue, Suite 200
                                              McLean, Virginia 22101
                                              (703) 734-3800
                                              (703) 734-0590 fax
                                              dpress@chung-press.com

### CERTIFICATE OF SERVICE

       This is to certify that on this 4th day of November, 2025, I caused the foregoing Objection to be served by CM/ECF upon the Trustee and all parties requesting notice, to:

Nancy L. Alper on behalf of Creditor District of Columbia Office of the Attorney General
nancy.alper@dc.gov

Rebecca A. Herr
ecf@ch13md.com

U. S. Trustee for Region Four
USTPRegion04.DC.ECF@USDOJ.GOV

and upon the claimant by first class mail, postage prepaid, addressed as follows:

Department of Motor Vehicles
c/o Nancy Alper, Sr. Assistant Attorney General
400 6th St. N.W.
Washington DC 20001

                                              _/s/Daniel M. Press_
                                              Daniel M. Press