**Local Official Form 104**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| In re: | Case No. 25-483 |
|---|---|
| **Tameshia N. Henry** | **Chapter 13** |
| **Debtor(s).** | |

**<u>CHAPTER 13 PLAN & NOTICE OF DEADLINE TO OBJECT TO CONFIRMATION</u>**

☐ Original Plan

X Amended Plan. Listed below are the parts of this Plan that have been changed and the creditors affected by the amendment.

☐ Modified Plan. Listed below are the parts of this Plan that have been changed and the creditors affected by the modification.

The Plan provisions changed by this filing are:
  2.1, 4.4, 6.1, 6.2 _____

_____

Affected Creditors:
  Chrysler Capital, General Unsecured, Dept. of Education/MOHELA

_____

## <u>Part 1. Notices</u>

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in this judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. A proof of claim must be filed to receive any payment from the Trustee.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed. *See* Bankruptcy Rule 3015.

The following matters may be of particular importance. **The *Debtor(s) must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.***

| | | | |
|---|---|---|---|
| **1.1** | Nonstandard provisions, set out in Part 9.1. | ☐ Included | ■ Not Included |
| **1.2** | A limit on the amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor, as set out in Part 5.4. | ☐ Included | ■ Not Included |
| **1.3** | Avoidance of a security interest or lien, as set out in Part 5.3. | ☐ Included | ■ Not Included |

**Local Official Form 104**

### Part 2: Plan Payments and Length of Plan

**2.1** **The Debtor(s)' future earnings are submitted to the supervision and control of the Chapter 13 Trustee, and the Debtor(s) will pay as follows:**

$__1630_____ per month for __2___ month(s),

$___1160_____ per month for ___58____ month(s), and

$_____ per month for _____ month(s), for a total term of ___60_____ months.

The Debtor(s) must make monthly payments commencing no later than 30 days after the petition date.

**2.2** **Regular payments to the trustee will be made in the following manner (check all that apply):**

**X** The Debtor(s) will make payments pursuant to a payroll deduction order. **The Debtor(s) is/are responsible to make payments to the Trustee until any payroll deduction order is in effect.**

☐ The Debtor(s) will make payments directly to the Trustee.

☐ Other (specify method of payment) _____.

**2.3** **Income Tax Returns and Refunds:**

Unless otherwise directed by the Chapter 13 Trustee, the Debtor(s) will supply to the Chapter 13 Trustee a copy of each income tax return that the Debtor(s) file(s) during the Plan term within 14 days of filing the return.

Check one box:

**X** The Debtor(s) will retain any income tax refunds received during the Plan term.

☐ For each year during the Plan term, the Debtor(s) will turn over to the Trustee the amount of refund exceeding $_____, not later than 30 days after receipt. The tax refunds are in addition to, and not a credit against, the other payments required to be paid under the Plan.

**2.4** **Additional Payments:**

Check one box:

**X** None. *If "None" is checked, the rest of Part 2.4 need not be completed.*

☐ The Debtor(s) will make additional payments to the Trustee from other sources specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.5** The Total amount of estimated payments to the trustee provided for in Parts 2.1 and 2.4 is $101,100_____.

### Part 3: Treatment of Administrative and Priority Claims

**3.1** **Trustee Commission.** The Trustee's fees are governed by statute and may change during the course of the case, not to exceed 10% of all amounts received under the Plan. The Trustee's fee shall be paid under 11 U.S.C. § 1326(b)(2) and will make distributions in the order listed pursuant to Local Rule 3015-5 unless otherwise ordered by the Court. Any deviation from the order of distribution must be set forth in Part 9, Non-Standard Provisions. Allowed claims entitled to priority under 11 U.S.C. §§ 507(a)(1) and (2) will be paid in full. Any interest required to be paid on administrative claims for taxes shall be governed by 11 U.S.C. § 511.

**Local Official Form 104**

**3.2    Attorney Fees.**

Check one box:

X  Debtor(s)' attorney has chosen to be compensated pursuant to the Presumptively Reasonable fee under Local Bankruptcy Rule 2016-2. The balance of fees owed to the Debtor(s)' attorney is $ _4750_____.

☐  Debtor(s)' attorney has chosen to be compensated pursuant to a Fee Application and must submit the application as set forth in Local Rule 2016-2. No fees will be paid absent order of the Court. The balance of fees owed to the Debtor(s)' attorney is estimated to be $_____.

**3.3    Domestic Support Obligations.**

X  None. *If "None" is checked, the rest of Part 3.3 need not be completed.*

☐  Allowed domestic support claims pursuant to § 507(a)(1) shall be paid prior to other priority creditors but concurrently with administrative claims in Part 3.2 above. The total § 507(a)(1) domestic support claims are estimated to be $_____.

| Name of Creditor | Estimated Claim |
|---|---|
|  |  |

☐  <u>Domestic support payments under § 507(a)(1)(B) and paid less than full amount</u>. Allowed domestic support claims assigned to or owed to a governmental unit pursuant to 11 U.S.C. § 507(a)(1)(B) will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This Plan provision requires payments in Part 2.1 to be for a term of 60 months.*

| Name of Creditor | Estimated Claim | Amount of Claim to be paid |
|---|---|---|
|  |  |  |

**3.4    Priority Claims other than Attorney Fees and Domestic Support Claims.**

The following priority creditors, defined by 11 U.S.C. §§ 507(a)(3)-(10), will be paid in full by deferred cash payments, pro rata with other priority creditors:

Check one box:

☐  None. *If "None" is checked, the rest of Part 3.4 need not be completed.*

X

| Priority Creditor | Estimated Claim Amount |
|---|---|
| IRS | 112.64 |

**Part 4: Treatment of Secured Claims**

☐  None. *If "None" is checked, the rest of Part 4 need not be completed.*

**4.1    General Provisions:** The terms and conditions included in this Part 4.1 apply to all remaining subjections of Part 4.

If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for the purposes of distribution under the Plan.

The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

If relief from the automatic stay is ordered to a lienholder as to any item of collateral listed in this Part, then, unless otherwise ordered by the Court, all payments to said lienholder under Part 4 as to that collateral will cease.

Unless the Court -112- orders otherwise, the lienholder may amend a timely filed proof of claim to assert a claim for an unsecured deficiency claim remaining after enforcement of its lien as follows: (a) an amended proof of claim asserting an unsecured

deficiency claim for a claim for which the collateral was **real property** shall be filed no later than **180** days after entry of the order granting relief; (b) an amended proof of claim asserting an unsecured deficiency claim for a claim for which the collateral was **personal property** (that is, anything other than real estate) shall be filed no later than **60** days after entry of the order granting relief.

**4.2 Maintenance of Payment and Cure of Default, if Any, on Allowed Claims Secured by Real Property.**

Check one box:

X    None. *If "None" is checked, the rest of Part 4.2 need not be completed.*

☐    The Debtor(s) will maintain by **direct payments** the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and notice in conformity with any applicable rules. Any existing arrearage on a secured claim will be paid in full through disbursements by the Trustee. Unless otherwise ordered by the Court, the amount listed on a filed proof of claim controls over any contrary amount listed below as to the arrearage.

| Name of Creditor | Description of Collateral | Estimated Amount of Arrearage |
|---|---|---|
| | | |

☐    The Debtor(s) will maintain by **payments disbursed by the Trustee** the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and notice in conformity with any applicable rules. In addition, any existing arrearage on a secured claim will be paid in full through disbursements by the Trustee. Unless otherwise ordered by the Court, the amount listed on a filed proof of claim controls over any contrary amount listed below as to the arrearage.

| Name of Creditor | Description of Collateral | Estimated Amount of Arrearage | Estimated Monthly Payment |
|---|---|---|---|
| | | | |

**4.3 Maintenance of Payment and Cure of Default, if Any, on Allowed Claims Secured by Property Other than Real Property.**

Check one box:

■    None. *If "None" is checked, the rest of Part 4.3 need not be completed.*

☐    The Debtor(s) will maintain by **direct payments** to the creditors listed below the regular contract monthly payments that come due during the period of this Plan. The pre-petition arrearages on such debts shall be cured by the Trustee pro rata with other secured claims.

| Name of Creditor | Description of Collateral | Regular Contract Payment | Estimated Arrearage |
|---|---|---|---|
| | | | |

☐    The Debtor(s) will maintain by **payments disbursed by the Trustee** the regular contractual monthly payments to the creditors listed below that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee pro rata with other secured claims.

| Name of Creditor | Description of Collateral | Regular Contract Payment | Estimated Arrearage |
|---|---|---|---|
| | | | |

**Local Official Form 104**

**4.4** **Secured Claims Paid Through Plan.**

Check one box:

☐ None. *If "None" is checked, the rest of Part 4.4 need not be completed.*

■ The following secured claims will be paid in full through the Plan with interest at the rate stated below. These payments will be disbursed by the Trustee.

| Name of Creditor | Description of Collateral | Estimated Amount of Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| Chrysler Capital | Jeep | $29620.53 | 8.25% | $1034 after payment of admin. claims. |

**4.5** **The Debtor(s) will surrender collateral to the lienholder.**

Check one box:

X None. *If "None" is checked, the rest of Part 4.5 need not be completed.*

☐ The Debtor(s) will surrender the collateral listed below to the respective lienholder. Describe the collateral securing the claim. Upon Plan confirmation, the automatic stay of 11 U.S.C. § 362(a) be terminated as to the collateral only and the co-debtor stay of 11 U.S.C. § 1301(a) terminates in all respects, if not terminated earlier, as to the collateral listed:

| Name of Creditor | Description of Collateral |
|---|---|

-310

**4.6** **Secured Claims that are to be paid outside of the Plan.**

Check any applicable boxes:

X None. *If "None" is checked, the rest of Part 4.6 need not be completed.*

☐ The Debtor(s) will pay directly outside of the Plan all secured claims that are listed below, including any arrearages. The holder of the claim shall retain its lien (or right of setoff) after completion of the Plan and entry of any discharge. The Debtor(s) shall begin current contractual payments in the first month after the filing of the case.

| Name of Creditor | Description of Collateral | Estimated Arrearage |
|---|---|---|

**Part 5: Valuation of Security Interests and Treatment of Liens**

☐ None. *If "None" is checked, the rest of Part 5 need not be completed.*

**5.1** **General Provisions:** The terms and conditions included in this Part 5.1 apply to all remaining subsections of Part 5.

The Debtor(s) request(s) that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state(s) that the value of the secured claim should be as set out in the column headed "Name of Creditor." For each listed claim, the secured claim will be paid pursuant to Part 4.

**Local Official Form 104**

With respect to each allowed secured claim provided for in the Plan, the holder of such secured claim will retain the listed lien on the indicated property interest until the earliest of the following:

a) Payment of the underlying debt determined under nonbankruptcy law, or
b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor, or
c) If the Debtor(s) cannot receive a discharge as provided in 11 U.S.C. § 1328(f), the notice of Plan Completion.

If the case is dismissed or converted without completion of the Plan, liens shall also be retained by the holders to the extent recognized under applicable nonbankruptcy law.

**5.2    Valuing a Claim or Avoidance of a Lien by Separate Motion or Adversary Proceeding.**

**X**    None. *If "None" is checked, the rest of Part 5.2 need not be completed.*

☐    The Debtor(s) will seek valuation of a claim or avoidance of a lien through a separate motion or Adversary Proceeding. The amount of the secured claim will be set by Court order, with the interest rate set forth below, unless the Court orders otherwise. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 6 of this Plan to the extent allowed.

For each claim listed, the value of the secured claim will be paid with interest in full through the Plan, at the valuation determined by the Court.

| Name of Creditor | Estimated Amount of Creditor's Claim | Description of Collateral | Value of collateral | Amount of Claims Senior to Creditor's Claim | Secured Claim to Be Paid Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |

**5.3    Request for avoidance of a lien pursuant to 11 U.S.C. § 522(f) through the Plan.**

**X**    None. *If "None" is checked, the rest of Part 5.3 need not be completed.*

☐    The Debtor(s) seek(s) to value a claim or avoid a judicial lien and/or nonpossessory, non-purchase money security interest pursuant to 11 U.S.C. § 522(f) through this Plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 6 of this Plan to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full under the Plan at the interest rate listed below.

If the lienholder has not filed a proof of claim, evidence of the following should be filed separately or as an exhibit to the Plan: (i) the collateral's value; (ii) the existence of all other liens; (iii) the amount of each debt secured by the collateral; and (iv) the name, address, and nature of ownership of any non-debtor owner of the property. **This supplemental material need only be served on affected creditors and not on all creditors.**

*Insert additional claim boxes as needed.*

| **Information regarding judicial lien or security interest** | **Calculation of lien avoidance** | |
|---|---|---|
| Name of Creditor | a.  Amount of lien | $_____ |
| | b.  Amount of all other liens | $_____ |
| _____ | c.  Value of claimed exemptions | $_____ |
| Description of Collateral | | |
| _____ | d.  Total of adding lines a, b, and c | $_____ |
| Lien identification | | |
| _____ | e.  Value of Debtor(s)' interest in property | $_____ |
| | f.  Subtract line e from line d | $_____ |

Extent of exemption impairment
(check applicable box)

☐Line f is equal to or greater than line a. The entire lien is avoided.

☐ Line f is less than line a. A portion of the lien is avoided.
(**Complete the next part**)

**Treatment of remaining secured claim**:

<u>**Amount of Secured Claim After Avoidance (Line a Minus Line f):**</u>

<u>**Interest Rate (If Applicable):**</u>

**5.4** **Request for valuation of security or avoidance of liens under § 506 through the Plan.**

■ None. *If "None" is checked, the rest of Part 5.4 need not be completed.*

☐ The Debtor(s) seek(s) to value a claim or avoid a lien under 11 U.S.C. § 506 through the Plan. If the lienholder has not filed a proof of claim, evidence of the following should be filed separately or as an exhibit to the Plan: (i) the collateral's value; (ii) the existence of all other liens; (iii) the amount of each debt secured by the collateral; and (iv) the name, address, and nature of ownership of any non-debtor owner of the property. **This supplemental material need only be served on affected creditors and not on all creditors.**

The amount and interest rate of the claim is set as listed below or by superseding Court order. For each claim listed, the value of the secured claim will be paid in full with interest at the rate listed below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 6 of this Plan to the extent allowed.

| **Name of Creditor** | **Estimated Amount of Creditor's Claim** | **Description of Collateral** | **Value of Collateral** | **Amount of Claims Senior to Creditor's Claim** | **Secured Claim to Be Paid Through Plan** | **Interest Rate** |
|---|---|---|---|---|---|---|
| | | | | | | |

## Part 6: Treatment of Nonpriority Unsecured Claims

**6.1** **Nonpriority unsecured claims not separately classified.**

☐ Allowed nonpriority unsecured claims that are not separately classified in Part 6.2 will be paid pro rata. Approximately _____% of the total amount of these claims, an estimated payment of $_____.

X 100% of allowed nonpriority unsecured claims that are not separately classified in Part 6.2, an estimated payment of $25391

If the estate of the Debtor(s) was/were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____0_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**6.2** **Other separately classified nonpriority unsecured claims.** Check one.

☐ None. *If "None" is checked, the rest of Part 6.2 need not be completed.*

X The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| **Name of Creditor** | **Basis for Separate Classification and Treatment** | **Treatment** |
|---|---|---|
| | | |

**Local Official Form 104**

| | | |
|---|---|---|
| U.S. Dept. of Education/MOHELA | 1322 (b)(2)/(b)(5) long term debt | Pay per terms incl. available forbearances/deferments, IBR programs and PSLF |

## Part 7: Executory Contracts and Unexpired Leases

**7.1**. The executory contracts and unexpired leases listed below are assumed and/or rejected as specified. All other executory contracts and unexpired leases are rejected. Check all that apply.

☐ None. *If "None" is checked, the rest of Part 7.1 need not be completed.*

☐ **Executory contracts and unexpired leases to be rejected**. The Debtor(s) reject the following executory contracts:

| Name of Creditor | Type of Contract |
|---|---|
| | |

Any claim for rejection damages must be filed within 60 days from entry of the order confirming this Plan.

X **Executory contracts and unexpired leases to be assumed**. The Debtor(s) assume the following executory contracts:

| Name of Creditor | Type of Contract | Cure Amount and Term(s) |
|---|---|---|
| Acima Digital | Furniture lease | $0.00 |
| Progressive Leasing | Camera Lease | $0.00 |
| Axenic Investments | Residential Lease | $0.00 |

## Part 8. Miscellaneous

**8.1** **Adequate Protection Payments for Claims Secured by or Subject to a Lease of Personal Property.**

☐ None. *If "None" is checked, the rest of Part 8.1 need not be completed or reproduced.*

X Beginning not later than 30 days after the petition date and until the Plan is confirmed, the Debtor(s) will directly pay adequate protection payments for claims secured by or subject to a lease of personal property for the Claims Listed Below. After confirmation of the Plan, the claims will be paid under Part 4. Make sure to list the amount of the monthly payment the Debtor(s) will pay before confirmation and list the last 4 digits only of the account number, if any, the lienholder uses to identify the claim.

| Lessor/Lienholder | Proprty/Collateral | Acct. No. (last 4 numbers) | Monthly Payment |
|---|---|---|---|
| Acima Digital | Furniture | | n/a Debtor to exercise purchase option |
| Progressive Leasing | Camera | | n/a Debtor to exercise purchase option |
| Chrysler Capital | Jeep | | $300.00 |

**8.2** **Revesting Property of the Estate.**

Property of the estate shall revest in the Debtor(s) upon:

(a) the Debtor(s) is/are granted a discharge pursuant to 11 U.S.C. § 1328;
(b) the Trustee files a notice of Plan completion if by reason of 11 U.S.C. § 1328(f) the Debtor(s) cannot receive a discharge; or
(c) the case is dismissed.

**8.3** **Incurrence of Indebtedness.**

**Local Official Form 104**

The Debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon written notice and approval from the Trustee. Nothing herein shall prohibit the Debtor(s) from filing a motion for Court approval indebtedness in any amount.

**Local Official Form 104**

<u>**Part 9: Non-standard Provisions**</u>

9.1      **Check "None" or List Nonstandard Plan Provisions.**

**X**      None. *If "None" is checked, the rest of Part 9.1 need not be completed.*

☐      Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this Plan are ineffective.

**The following Plan provisions will be effective only if there is a check in the box "Included" in Part 1.1:**

<u>**Part 10: Signatures**</u>

10.1      **Signatures of Debtor(s) and Debtor(s)' Attorney.**

The Debtor(s)' signature(s) below certify(ies) that the Plan provisions above are all the terms proposed by the Debtor(s), and the Debtor(s) has/have read all the terms.

x  /s/ Tameshia N. Henry_____                    x_____
Signature of Debtor 1                                                        Signature of Debtor 2
Executed on __/s/ 12/31/2025_____                    Executed on _____

x  /s/ Daniel M. Press_____                    Date _12/31/2025_____
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), and if represented by an attorney the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Local Form 14, other than any nonstandard provisions included in Part 9.1.

**Local Official Form 104**

<u>**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN**</u>

Check all that apply:

☐ **AMENDED PLANS ONLY INCREASING PAYMENTS**: The Amended Chapter 13 Plan ☐ filed herewith / ☐ filed on _____, 20__, makes no changes from the last previously-filed Plan other than to increase the amount payable under the Plan. In such event, no service is required.

☐ A separate certificate of service shall be filed pursuant to Federal Rule of Bankruptcy Procedure 7004.

x I certify that on __12/31/2025_____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_/s/ Daniel M. Press_____

Daniel M. Press, #419739

Chung & Press, P.C.

6718 Whittier Ave., Suite 200

McLean, VA 22101

(703) 734-3800

dpress@chung-press.com

Label Matrix for local noticing
0090-1
Case 25-00483-ELG
United States Bankruptcy Court for the Distri
Washington, D.C.
Wed Dec 31 14:45:31 EST 2025

District of Columbia Office of the Attorney
400 6th Street, N.W., 9th Floor
Washington, DC 20001-0189

Washington, D.C.
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave, NW #1225
Washington, DC 20001-2802

Acima Digital LLC
5501 Headquarters Dr
Plano, TX 75024-5837

American First Finance LLC
PO Box 565848
Dallas, TX 75356-5848

American First Finance, LLC
c/o Becket and Lee LLP
PO Box 3002
Malvern PA 19355-0702

Astound Broadband
PO Box 219193
Kansas City, MO 64121-9193

Axenic Investments
4200 Wisconsin Ave. NW Ste. 106-264
Washington DC 20016-2143

Capital One
1680 Capital One Dr
McLean, VA 22102-3407

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Capital One N.A.
by AIS InfoSource LP as agent
4515 N. Santa Fe Avenue
Oklahoma City, OK 73118-7901

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-0275

Collection Bureau of America
25954 Eden Landing Rd
Hayward, CA 94545-3837

(p)COMPTROLLER OF MARYLAND
BANKRUPTCY UNIT
7 ST PAUL STREET SUITE 230
BALTIMORE MD 21202-1626

(p)CONTINENTAL SERVICE GROUP LLC D B A CONSER
PO BOX 1528
FAIRPORT NY 14450-7528

DC DMV
PO Box 90120
Washington, DC 20090-0120

Discover
PO Box 30939
Salt Lake City, UT 84130-0939

(p)EASYPAY FINANCE
PO BOX 2549
CARLSBAD CA 92018-2549

EZ Pass Maryland
PO Box 5060
Middle River, MD 21220-0060

EZ Pass Virginia
PO Box 1234
Clifton Forge, VA 24422-0724

Equitable
Equi-vest processing
PO Box 4956
Syracuse, NY 13221-4956

Express Lanes
c/o JPM Chase
PO Box 28148
New York, NY 10087-8148

Fair Collections & Outsourcing
14400 Sweitzer Ln #235
Laurel, MD 20707-3006

GW Medical Faculty Associates
2150 Pennsylvania Ave NW
Washington, DC 20037-3201

Harris & Harris
111 W Jackson Blvd Ste 400
Chicago, IL 60604-4135

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)LABCORP
531 SOUTH SPRING ST
BURLINGTON NC 27215-5866

Little Lake Lending
2770 Mission Ranchera Rd #393
Lakeport, CA 95453-9612

MD Transportation Auth
PO Box 5060
Middle River, MD 21220-0060

McLean Family Dentistry
1355 Beverly Rd Ste 250
McLean, VA 22101-3649

(p)MCCARTHY  BURGESS & WOLFF
26000 CANNON RD
CLEVELAND OH 44146-1807

Media Collections Inc.
8948 Canyon Falls Blvd
Suite 200
Twinsburgh, OH 44087-1900

Media Collections Inc.
8948 Canyon Falls Blvd. Ste. 200
Twinsburg OH 44087-1900

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Minto Money
PO Box 58112
Minto, AK 99758-0112

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Montgomery County Citation Processing Ctr
PO Box 1426
Rockville, MD 20849-1426

(p)NJ EZPASS
ATTN ATTN NJ EZPASS/ JASMINE JENKINS
375 MCCARTER HIGHWAY
SUITE 200
NEWARK NJ 07114-2562

Nissan Motor Acceptance
PO Box 660360
Dallas, TX 75266-0360

Park Naylor Apts
2562 Naylor Rd SE
Washington, DC 20020-4007

Pepco
PO Box 13608
Philadelphia, PA 19101-3608

Primo Water
200 Eagles Landing Blvd
Lakeland, FL 33810-3058

Prince George's County MD
c/o Penn Credit
2800 Commerce Dr
Harrisburg, PA 17110-9307

Progressive Leasing
256 W Data Dr
Draper, UT 84020-2315

Regent University
1000 Regent University Dr
Virginia Beach VA 23464-9800

Santander Consumer USA, Inc.
d/b/a Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-0275

TD Bank
13531 E Caley Ave
Englewood, CO 80111-6504

Talkiatry
109  W 27th St Ste 55
New York, NY 10001-0265

The Highline
c/o Financial Mgt. Solutions
9001 Edmonston Rd Ste 20
Greenbelt, MD 20770-4074

Transurban
NCC
PO Box 6156
Alexandria, VA 22306-0006

U. S. Trustee for Region Four
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314-3489

Verizon
by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Verizon Wireless
500 Technology Drive Suite 550
Saint Charles, MO 63304-2225

Washington DC CCU
PO Box96934
Washington, DC 20090-6934

Daniel M. Press
Chung & Press, P. C.
6718 Whittier Ave.
Suite 200
McLean, VA 22101-4531

Rebecca A. Herr
185 Admiral Cochrane Dr
Ste 240
Annapolis, MD 21401-7623

Tameshia N Henry
321 Adams St NE
Washington, DC 20002-1150

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of Maryland
7 St Paul St
Baltimore, MD 21202

Conserve
200 Cross Keys Office Park
Fairport NY 14450

(d)Conserve
200 Cross Keys Office Park
Fairport, NY 14450

Duvera Billing Services
Easy Pay Finance
PO Box 2549
Carlsbad, CA 92018

LabCorp
531 South Spring Street
Burlington, NC 27215

Mccarthy Burgess & Wolff
26000 Cannon Rd
Cleveland, OH 44146

Mohela
633 Spirit Dr
Chesterfield, MO 63005

NJ Easy Pass
PO Box 4972
Trenton, NJ 08650

(d)US Department of Education/MOHELA
633 Spirit Dr.
Chesterfield, MO 63005

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Axenic Investments
4200 Wisconsin Ave., NW
Ste. 106-264
Washington, DC 20016-2143

(d)District of Columbia Office of the Attorne
400 6th Street, N.W., 9th Floor
Washington, DC 20001-0189

(d)Regent University
1000 Regent University Dr.
Virginia Beach, VA 23464-9800

End of Label Matrix
Mailable recipients    58
Bypassed recipients     3
Total                  61