UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

In re                                              )
                                                   )
    Tameshia N. Henry                         )
                                                   )       Case No.        25-483
        Debtor.                        )       Chapter 13
                                                   )
_____ )

**DEBTOR'S OBJECTION TO CLAIM 13 FILED BY PEPCO,
AND NOTICE OF OBJECTION AND OPPORTUNITY TO RESPOND TO OBJECTION
TO CLAIM AND REQUEST HEARING**

Tameshia N. Henry, Debtor, has filed an objection to your claim in this bankruptcy case.

Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to modify or eliminate your claim, or if you want the Court to consider your views on the objection, then:

    On or before April 20, 2026 you or your attorney must file with the Court a written opposition to the objection to your claim under Local Bankruptcy Rule 3007-1. The opposition and proposed order must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits, documents, and other evidence you wish to attach in support of your claim.

    If you mail your opposition to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

    You must also mail a copy of your opposition to:

        Daniel M. Press, Esq.
        CHUNG & PRESS, P.C.
        6718 Whittier Avenue, Suite 200
        McLean, Virginia 22101

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the objection and may enter an order sustaining the objection. The Court may sustain the objection without a hearing if the opposition filed states inadequate grounds for overruling the objection. If you file a timely request for a hearing, Debtor will obtain a hearing date from the Clerk and give notice to you of the hearing date.

NOW COMES the Debtor, through counsel, and objects as follows to the Proof of Claim filed by PEPCO (Claim #13).

1.  Jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 or arising in a case under Title 11.  As a matter concerning the allowance or disallowance of claim, this constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(B).

THE CLAIM IS TIME BARRED

2.  LVNV filed a claim in the amount of $2027.96, for "services rendered" on March 17, 2026.

3.  This claim is time barred by the bar date set in Rule 3002(c), 70 days after commencement of the case.   The case was filed on October 21, 2025, fixing the bar date at 12/30/2025.  That date was in the Notice of Commencement sent to PEPCO and all other creditors.   Docket #10 shows notice to PEPCO.

4. Accordingly, the claim is late-filed, so the claim must be disallowed.

Dated: March 21, 2026.

Respectfully submitted,

__/s/Daniel M. Press_____
Daniel M. Press, #419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

CERTIFICATE OF SERVICE

This is to certify that on this 21st day of March, 2026, I caused the foregoing Objection to be served by CM/ECF upon the Trustee and all parties requesting notice:

Nancy L. Alper nancy.alper@dc.gov

Rebecca A. Herr ecf@ch13md.com

U. S. Trustee for Region Four  USTPRegion04.DC.ECF@USDOJ.GOV

and upon the claimant by first class mail, postage prepaid, addressed as follows:

PEPCO
Attn. Credit Dept.
701 9th St. NW
Washington DC 20001

_/s/Daniel M. Press_
Daniel M. Press